UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS SCHAAR,

    Petitioner,

v.                                          Case No. 2:06-cv-54
                                              HON. ROBERT HOLMES BELL

THOMAS BIRKETT,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Thomas Schaar filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assaulting a prison employee and as a fourth habitual offender. Petitioner was convicted after a jury trial and was sentenced to a prison term of three to fifteen years.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

> I. Defendant was denied equal protection of law, thereby was denied a fair trial when an agent of the state engaged in illegal conduct, and by the failure to preserve and produce potentially exculpatory physical evidence. These actions allowed the shifting in the burden of proof, where the trial became an unfair credibility contest.

> II. Defendant was denied effective assistance of counsel by his trial attorney's failure to move to dismiss on the basis of the failure to bring forward such evidence or request an instruction regarding same.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable." *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner presented these issues to the Michigan Court of Appeals.  The Michigan Court of Appeals rejected these claims, concluding that since petitioner never raised his claim regarding exculpatory evidence, it could be reviewed under a plain error standard.  The court stated:

> A review of the record reveals that defendant's argument to be pure speculation, and we conclude it is without merit.  Defendant has not shown that this videotape ever existed, let alone whether the prosecution knowingly suppressed it.  Both officers involved in the incident testified that the camera in the Spruce bubble was not

working when the incident occurred. The victim testified that the camera was, in effect, a decoy placed in a visible central location so that it might deter suspected trouble in the unit. While the prison official investigating the incident admitted that his investigation report makes it sound like there was a video, he explained that he had written the report in such a fashion because the prison "didn't want the prisoners to know that there wasn't a video in that unit."

In all, seven witnesses were questioned with respect to the videotape and none of them testified that they had any knowledge that such a videotape existed. The evidence does not support defendant's speculation about the existence of a videotape of the incident. There is no indication that the hand-held camera was operational at the time of the assault and directed toward defendant's cell. Therefore, defendant has not shown plain error affecting substantial rights. *Carines, supra*.

Defendant also argues that he was deprived of his right to effective assistance of counsel by counsel's failure to move for a directed verdict. Where, as here, a defendant has not moved for a *Ginther* hearing [*People v. Ginther*, 390 Mich 436, 212 NW 2d 922 (1973)], our review is limited to the record. *People v. Sabin (After Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "To prove a claim of ineffective assistance of counsel . . . a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense so as to deny defendant a fair trial." *People v. Smith*, 456 Mich 543, 556; 581 NW 2d 654 (1998).

Defendant argues that counsel was ineffective for failing to move for a directed verdict based on the prosecution's failure to produce the alleged videotape. As we concluded above, this argument amounts to speculation. Ineffective assistance of counsel cannot be premised on counsel's failure to make a frivolous or meritless motion based on speculation. *See People v. Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Further, any motion for a directed verdict would have been futile. In such a motion, the evidence adduced at trial is viewed in the light most favorable to the prosecution to determine whether evidence sufficient to support a rational juror in finding guilt beyond a reasonable doubt was lacking. *People v Lemmon*, 456 Mich 625, 633-634; 576 NW2d 129 (1988). Here, the prosecution offered testimony by the officer who was attacked that defendant committed the assault. Even though this evidence is in direct conflict with

- 4 -

> defendant's version of the events, it must ve viewed in the light most favorable to the prosecution. *Id*. Recognizing the jury's superior ability to access witness credibility, we conclude that defendant cannot show that defense counsel's failure to move for a directed verdict amounted to ineffective assistance of counsel. *Id*. at 637.

It is well settled that, under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the prosecution must disclose any evidence it has in its possession or of which it is aware which is both favorable to the accused and material to guilt or punishment. In *Brady*, the petitioner and a companion, Bobit, were found guilty of murder and sentenced to death. At his trial, petitioner maintained that although he participated in the crime he did not commit the murder. Bobit had earlier confessed to the murder. However, the actual confession was withheld from defense counsel despite defense counsel's request to examine Bobit's extrajudicial statements. The Supreme Court affirmed the Court of Appeals' order granting a new trial on the issue of punishment. The court stated:

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

*Id.* at 87. The Court defined materiality in *United States v. Bagley*, 473 U.S. 667 (1985):

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

*Id.* at 682. *See also United States v. Bencs*, 28 F.3d 555 (6th Cir 1994); *United States v. Mullins*, 22 F.3d 1365 (6th Cir. 1994). "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles* at 1566, citing *Bagley* at 678. In the opinion of the undersigned, petitioner has not made this showing.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). Petitioner has not established that he was denied exculpatory evidence or that he received ineffective assistance of counsel. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has failed to show that he was denied exculpatory evidence or that he was denied effective assistance of counsel. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

- 8 -

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                    /s/ Timothy P. Greeley  
                                    TIMOTHY P. GREELEY  
                                    UNITED STATES MAGISTRATE JUDGE

Dated:   October 16, 2008